**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEST FRESH LLC, an Arizona LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>VANTAGGIO FARMING<br>CORPORATION, a California<br>corporation; PRODUCE PAY, INC., a<br>Delaware corporation,<br><br>                              Defendants. | Case No.:  3:21-cv-00131-BEN-WVG<br><br>**ORDER DENYING PRODUCE PAY,<br>INC.'S MOTION TO DISMISS FOR<br>FAILURE TO STATE A CLAIM**<br><br><br><br><br><br>**[ECF No. 23]** |

## I.      **INTRODUCTION**

Plaintiff Best Fresh, LLC ("Plaintiff") brings this suit alleging several causes of action against Defendants Vantaggio Farming Corporation ("Vantaggio") and Produce Pay, Inc., ("Produce Pay") (collectively, "Defendants") relating to the sale of produce. Before the Court is Produce Pay's Motion to Dismiss, *see* ECF No. 23, which was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure.  ECF No. 10.  After considering the papers submitted, supporting documentation, and applicable law, the Court **DENIES** Produce Pay's Motion to Dismiss as outlined below. *See infra* Part V.

## II.      **BACKGROUND**

Plaintiff brings twelve causes of action relating to unpaid proceeds resulting from

the sale of bell peppers to Vantaggio, and the alleged wrongful taking of said proceeds by Produce Pay.

A.   **Statement of Facts**[1]

Plaintiff is an Arizona based "distributor of agricultural products, including but not limited to bell peppers." ECF No. 19 ("FAC") at 2,[2] ¶ 3. Defendants are "distributors, buyers and sellers of fresh fruits and vegetables" and are licensed "Dealers," "Commission Merchants," and "Brokers" as those terms are defined by the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"). *Id.* at 2, ¶ 6. "Vantaggio is generally known . . . to be substantially engaged in selling the produce of others," including Plaintiff, and Produce Pay was aware of this. *Id.* at 3, ¶ 8.

Around December 2019, Plaintiff and Vantaggio entered into a verbal consignment sales agreement for Vantaggio to market Plaintiff's bell peppers in exchange for a commission and warehousing fee. *Id.* at 3, ¶ 9; 6, ¶ 20. The verbal agreement was subsequently confirmed in writing via invoices—pursuant to the terms, "Vantaggio agreed to sell the bell peppers to third party buyers at the price agreed, collect the proceeds of sale, deduct its commission [10%] and warehousing fee [$350.00 per shipment], [and] remit[] the net proceeds of sale to Plaintiff." *Id.* at 3–4, ¶ 10. Thus, Plaintiff's obligation under the agreement was to deliver the bell peppers to Vantaggio, which, in turn, would sell the goods for Plaintiff to third-party purchasers and "inform Plaintiff of the market price it was able to obtain." *Id.* at 3, ¶ 9. "As part of the parties' agreements, as stated on Plaintiff's invoices . . . [,] Vantaggio agreed to pay Plaintiff's attorney's fees and costs incurred in collection efforts or litigation to obtain the sums owed . . . ." *Id.* at 4, ¶ 14.

Between December 2019 and March 2020, Vantaggio received several shipments of

---

[1]   The majority of the facts set forth are taken from the operative complaint, and for purposes of ruling on the instant Motion to Dismiss, the Court assumes the truth of the allegations pled and liberally construes them in favor of the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).
[2]   Unless otherwise indicated, all page number references are to the ECF-generated page number contained in the header of each ECF-filed document.

bell peppers from Plaintiff, took delivery of the produce ordered from Plaintiff, and "paid [Plaintiff] the agreed upon amounts for a number of the initial shipments . . . ." *Id.* at 4, ¶ 11.  With respect to later shipments, however, Vantaggio sold Plaintiff's bell peppers on Plaintiff's behalf and "failed to remit the net proceeds to Plaintiff," which amounted to no less than $295,864.67.  *Id.* at 4, ¶¶ 12, 13.  Plaintiff further alleges that the bell peppers it delivered to Vantaggio were red, yellow, and orange, and that this specific type of produce was "supplied by (and only by) Plaintiff during the time in question."  *Id.* at 5, ¶ 18. Plaintiff attaches invoices—and email correspondence identifying two of the alleged invoices—that involve payment for red, yellow, and/or orange bell peppers.  Ex. 1 to FAC at 1, 3, 10, 12.

Payment for the peppers was made by third-party buyers in "checks payable to Vantaggio," but the checks were ultimately delivered to Produce Pay at its Los Angeles office.  FAC at 4, ¶¶ 13, 16.  The money was subsequently "deposited into a bank account controlled by and in . . . Produce Pay's name."  *Id.* at 4, ¶ 16.  Plaintiff further alleges that "Vantaggio personnel have . . . confirmed that these funds were delivered to Produce Pay upon its demand, and were retained by Produce Pay, despite request to release the funds for payment to Plaintiff (because Produce Pay had no right to retain Plaintiff's funds.)"  *Id.* at 5, ¶ 18.  Produce Pay was aware that the bell peppers and payment were Plaintiff's property—and not that of other third-party suppliers—and "exercised dominion and control over, directed, managed and ratified Vantaggio's actions at issue . . . ."  *Id.* at 4, ¶ 15; 5, ¶ 17.  Produce pay did all of this without Plaintiff's knowledge or consent and continues to wrongfully retain the sums rather than remit the payment to Plaintiff.  *Id.* at 4–5, ¶ 16.

### B.   **Procedural History**

On November 6, 2020, Produce Pay filed suit against Vantaggio, in the Chancery Court of Delaware alleging nine causes of action for: (1) breach of contract; (2) breach of fiduciary duty and principals; (3) conversion; (4) unjust enrichment; (5) intentional interference with contractual relations; (6) alter ego or single enterprise liability; (7)

conspiracy to defraud; (8) aiding and abetting; and (9) breach of malfeasance agreement. *Produce Pay, Inc. v. Vantaggio Farming Corporation*, Case No. 2020-09-54, 2020 WL 66371554 (Del. Ch. Nov. 6, 2020) (Verified Complaint).[3]

On January 22, 2021, Plaintiff filed this action against Defendants Vantaggio and Produce Pay, alleging twelve causes of action for: (1) breach of contract; (2) breach of PACA; (3) breach of fiduciary duty; (4) goods had and received; (5) open book account; (6) conversion; (7) civil theft, California Penal Code sections 496(a) and (c); (8) accounting; (9) violation of the Uniform Fraud Transfer Act, California Civil Code sections 3439, *et seq.*; (10) violation of California's Business & Professions Code section 17200 (the "UCL"); (11) violation of Chapter 7 of the California Food & Agricultural Code (the "Produce Dealer Act"); and (12) unjust enrichment and constructive trust.   ECF No. 1 ("Compl."). On January 26, 2021, Vantaggio executed a waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.   ECF No. 16 at 2.

On February 16, 2021, Produce Pay filed a Motion to Dismiss Plaintiff's claims for: (1) breach of contract; (2) breach of fiduciary duty; (3) goods had and received; (4) open book account; (5) civil theft; (6) accounting; and (7) the UCL.  *See* ECF No. 4 at 1.   Produce Pay answered the remaining claims for: (1) breach of PACA; (2) conversion; (3) violation of the Uniform Fraudulent Transfer Act; (4) violation of the Produce Dealer Act; and (12) unjust enrichment and constructive trust.  *See generally* ECF No. 5.  On March 29, 2021, the deadline for Vantaggio's to respond to the Complaint expired, with no response from Vantaggio.  *See* ECF No. 16 at 2; *see also* FED. R. CIV. P. 4(d)(3).    On July 22, 2021, Plaintiff filed an Application for Entry of Default against Vantaggio, which was entered by the Clerk of Court on July 23, 2021.  ECF Nos. 16, 17.

On September 20, 2021, the Court issued an Order, *see* ECF No. 18 (the "Dismissal Order"), granting Produce Pay's Motion to Dismiss.  The Court dismissed *with prejudice*, Plaintiff's claims against Produce Pay for: (1) breach of contract; (2) open book account;

---

[3]      The Court will refer to the complaint filed in this separate litigation as the "Delaware Complaint."

-4-

and (3) violation of California's UCL under the fraudulent prong.  *Id.*  The Court also dismissed *with prejudice*, Plaintiff's allegations that Vantaggio and Produce Pay have an agency/principal, master/servant, employer/employee, or joint venture relationship.  *Id.* The Court dismissed *with leave to amend* Plaintiff's claims for: (1) breach of fiduciary duty; (2) goods had and received; (3) civil theft; (4) accounting; and (5) violations of the UCL under the unfair and unlawful prongs.  *See generally id.*  The Court also took judicial notice of the Delaware Complaint, because it is a document of public record, but did not take judicial notice of the factual allegations therein.  *Id.* at 4 n.4.

On October 4, 2021, Plaintiff filed the First Amended Complaint (the "FAC") alleging the same twelve causes of action but amended the goods had and received claim to goods *and money* had and received, and did not name Produce Pay in its claims for (1) breach of contract; (2) breach of fiduciary duty; (3) open book account; and (4) accounting. *See generally* FAC.  Produce Pay responded by filing the instant Motion to Dismiss, seeking to dismiss *with prejudice* Plaintiff's remaining claims.  ECF No. 23-1 ("Motion"). Plaintiff filed an Opposition and Produce Pay replied.  ECF Nos. 24, 25.

## III.   <u>LEGAL STANDARD</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek*, 519 F.3d at 1031.  However, a court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

///

## IV. **DISCUSSION**

Produce Pay seeks to dismiss all remaining claims lodged against it and set forth in the FAC. Produce Pay also seeks to dismiss all allegations that it and Vantaggio had an alter ego type relationship and argues that without these allegations, Plaintiff cannot maintain any claims against it.

### A. **Claims Previously Dismissed *with Prejudice***

On September 20, 2021, the Court dismissed *with prejudice* Plaintiff's claims for: (1) breach of contract; (2) open book account; and (3) UCL violations based on the fraudulent prong. *See* ECF No. 18 at 8–9, 19–20, 25. The Court also dismissed with prejudice Plaintiff's allegations that Produce Pay and Vantaggio "have any sort of agency/principal, employer/employee, master/servant, or joint venture relationship." *Id.* at 29. Despite this Court's prior order, Plaintiff's FAC re-alleges an agency/principal, master/servant, and employee/employer relationship between Produce Pay and Vantaggio. FAC at 3, ¶ 7; 12, ¶ 59; 13, ¶ 66. Because these allegations were dismissed *with prejudice*, they will be disregarded. *See Virgen v. Mae*, No. CIV S-06-0341-FCD-DAD-PS, 2007 WL 1521553, at *8 (E.D. Cal. May 23, 2007), *R. & R. adopted sub nom. Virgen v. Sallie Mae*, No. CVS 06-0341-FCD-DAD-PS, 2007 WL 1821414 (E.D. Cal. June 25, 2007) (holding that a claim dismissed *with prejudice* and re-alleged "was irrelevant and w[ould] be disregarded."). As to Plaintiff's claims for breach of contract and open book account, these claims are re-alleged as to Vantaggio only. FAC at 6, 9. Any arguments by Produce Pay that Plaintiff improperly alleged these claims will also be disregarded, because Plaintiff clearly alleges them against only Vantaggio. Plaintiff's UCL claim is addressed below.

### B. **UCL Claim**

In the Court's Dismissal Order, Plaintiff's claim for violation of the UCL based on the fraudulent prong was dismissed *with prejudice*. ECF No. 18 at 25. Violations based on the unlawful and unfair prongs were also dismissed, but not *with prejudice*. *Id.* at 28. However, Plaintiff seeks to dismiss its UCL claim stating "[i]n light of the Court's ruling regarding the remedies available under the UCL, restitution and injunctive relief, [Plaintiff]

-6-

is willing to dismiss this claim without prejudice." ECF No. 24 ("Oppo.") at 24. Plaintiff further "requests leave of the Court to dismiss this claim without prejudice pursuant to Rule 15(a)(2)." Oppo. at 24. Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Produce Pay makes no objections to Plaintiff's proposed and voluntary dismissal and therefore, the Court **GRANTS** Plaintiff's request and **DISMISSES** the UCL claim under the unlawful and unfair prongs *without prejudice* as to Produce Pay.

### C.    Breach of Fiduciary Duty

Plaintiff's prior claim for breach of fiduciary duty was dismissed *without prejudice* in the Court's prior Dismissal Order. ECF No. 18 at 10–17. Plaintiff's FAC indicates that Plaintiff brings its claim for breach of fiduciary duty against Vantaggio and not Produce Pay. *See* FAC at 8; *Cf.* Compl. at 6. Although Plaintiff indicates that Produce Pay is involved in the claim—based on Plaintiff's use of the term Defendants—Plaintiff's Opposition does not address Produce Pay's arguments regarding the breach of fiduciary duty. *See* generally Oppo. Accordingly, although it is clear the FAC does not allege breach of fiduciary duty against Produce Pay, to the extent it does, that claim is **DISMISSED** *with prejudice*.

### D.    Alter Ego Allegations

To plead an alter ego relationship between two entities, the plaintiff must allege facts sufficient to plausibly show: (1) "there is such unity of interest and ownership that the separate personalities of the two entities no longer exist," and (2) "failure to disregard their separate identities would result in fraud or injustice." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015); *see also Leek v. Cooper*, 194 Cal. App. 4th 399, 417 (2011). "[A] plaintiff must allege specific facts supporting both of the necessary elements." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1136 (C.D. Cal. 2015); *see also In re Packaged Seafood Prod. Antitrust Litig.*, 242 F. Supp. 3d 1033, 1062 (S.D. Cal. 2017) (Sammartino, J.); *Cork v. CC-Palo Alto, Inc.*, 534 F. Supp. 3d 1156, 1191 (N.D. Cal. 2021)

-7-

(striking "Plaintiff's alter ego allegations[, which] consists of two sentences" without leave to amend as "[t]hese are the type of conclusory allegations that will not suffice.").  Courts may consider several factors in determining whether two entities have a unity of interest and ownership, including:

> (1) inadequate capitalization, (2) commingling of funds and other assets, (3) disregard of corporate formalities and failure to maintain an arm's length relationship, (4) holding out by one entity that is liable to the debts of the other, (5) identical equitable ownership, (6) use of the same offices and employees, (7) lack of segregation of corporate records, (8) manipulating assets between entities so as to concentrate the assets in one and the liabilities in another, and (9) identical directors and officers.

*City & Cty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 635 (N.D. Cal. 2020) (citing *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F. 3d 1241, 1250 (9th Cir. 2017)).

This Court's prior Dismissal Order dismissed *with prejudice* any allegations of an "agency/principal, employer/employee, master/servant, or joint venture relationship" between Produce Pay and Vantaggio as abandoned by Plaintiff.  ECF No. 18 at 29.  However, the Court went on to analyze Plaintiff's allegations of an alter ego and/or a single enterprise relationship between the Defendants and those allegations were dismissed, but not *with prejudice*.  *Id.* at 35.

Produce Pay argues that Plaintiff "generically pleads that Produce Pay was the alter ego of [Vantaggio]," but fails "to plead any facts to support or develop this allegation."  Motion at 27.  Produce Pay contends that Plaintiff abandoned its alter ego allegations based on its failure to re-plead them following this Court's Dismissal Order and therefore, these allegations should be dismissed *with prejudice*.  *Id.*  Plaintiff argues that the FAC's allegations regarding Vantaggio's insolvency and Produce Pay's control over operations and finances are sufficient to allege an alter ego or single enterprise liability claim at the pleadings stage.  Oppo. at 21–22.  Specifically, Plaintiff points to Vantaggio's alleged undercapitalization and insolvency, Produce Pay and Vantaggio's commingling/improper

transfer of funds, and that Produce Pay used Vantaggio as a mere shell/conduit for a single vertically integrated venture. *Id.* Produce Pay replies that the FAC's allegations are unsubstantiated and "still conflict with other factual averments in the [FAC]." ECF No. 25 ("Reply") at 6. Produce Pay also contends that Plaintiff fails to allege how Produce Pay diverted the funds from Plaintiff. *Id.* Produce Pay points out that ownership is mentioned only minimally in the FAC and not with respect to Produce Pay and Vantaggio. *Id.* at 6–7. Finally Produce Pay reiterates its argument that all claims against Produce Pay rest on the theory that it controlled Vantaggio and without this theory, the Court should dismiss all claims against Produce Pay. *Id.* at 7.

The Court finds that Plaintiff sufficiently substantiated its allegations that an alter ego relationship existed between Produce Pay and Vantaggio. Although the original Complaint made conclusory statements regarding Produce Pay's dominion and control over Vantaggio, the FAC now supports those contentions with additional factual allegations, allowing the Court to draw plausible inferences. First, the FAC alleges that: (1) Vantaggio was undercapitalized and is now insolvent, lacking the funds to pay Plaintiff; (2) Produce Pay used Vantaggio as an instrumentality or conduit for a single venture to divert Plaintiff's proceeds from Vantaggio to Produce Pay, and (3) Produce Pay manipulated or controlled the finances of Vantaggio to obtain the assets for itself, leaving Vantaggio with the debt. FAC at 5, ¶ 17. The FAC then, more specifically, alleges how attached invoices, checks, and emails show that: (1) Produce Pay was intimately involved in the internal operations of Vantaggio and controlled how payments were directed; (2) the proceeds payments were for the type of produce supplied only by Plaintiff during the time in question; and (3) checks were made out to Vantaggio but delivered to a Produce Pay office address and deposited into a Produce Pay bank account. *Id.* at 4, ¶ 15–16; 5, ¶ 18; *see also* Ex. 1 to FAC. Finally, the FAC alleges that: (1) Vantaggio personnel confirmed the funds at issue were delivered to Produce Pay upon demand; (2) the funds were retained by Produce Pay, despite a request to release them to Plaintiff; and (3) Produce Pay asserted dominion and control over all of Vantaggio's proceeds of sale from Plaintiff's produce.

-9-

*See id.*

The Court finds the substantiated allegations in the FAC invoke several factors set forth above and used to determine the unity of interest and common ownership element of an alter ego claim. *See Purdue Pharma*, 491 F. Supp. at 635. First, Plaintiff alleges that Vantaggio's inadequate capitalization and insolvency resulted from Produce Pay's interference with the funds Vantaggio received. FAC at 5, ¶ 17. From this, the Court can plausibly infer that Produce Pay's alleged control over and diversion of Vantaggio's funds led to the insolvency. Second, the invoices, emails, and checks (made out to Vantaggio but allegedly addressed to Produce Pay) allow the Court to plausibly infer that Produce Pay was intimately involved in Vantaggio's finances, and that some unity of interest existed with respect to the purported invoices and proceeds. For example, the subject line of two payment related emails detailing certain purported invoices read "Vantaggio Farming (Produce Pay) – Huron Produce payment details attached . . . ." *See* Ex. 1 to FAC at 1, 3. These emails show payment details including invoice numbers, and above the invoice numbers, the documents read "Vantaggio ("Produce Pay Inc.")." *Id.* Plaintiff also alleges that the invoices involve the type of bell peppers that, during the relevant time, only Plaintiff delivered to Vantaggio. *See id.* at 1, 3, 10, 12 (showing two invoices involving yellow, red, and/or orange bell peppers that match certain invoice details in the attached emails). The Vantaggio name followed by the Produce Pay name (in parentheses), in emails regarding invoices that detailed the type of bell peppers delivered to Vantaggio (only by Plaintiff), allow for the plausible inference that the companies have a common interest in Vantaggio's proceeds resulting from Plaintiff's delivery of bell peppers. *See id.* Third, allegations that the checks were made out to Vantaggio but addressed to a Produce Pay location in Los Angeles create a plausible inference that Defendants share at least one office, where funds are delivered. *See id.* at 4–6. Plaintiff also alleges that Vantaggio personnel confirmed Produce Pay's receipt of Plaintiff's funds upon demand and its refusal to release the funds to Plaintiff when requested. FAC at 5, ¶ 18. These allegations, coupled with the emails and alleged invoices described above, create a plausible inference that

-10-

funds were commingled or at the very least, the companies were not maintaining an arm's length relationship. Ex. 1 to FAC at 2 (indicating that Produce Pay employees worked with Vantaggio to obtain invoices and close balances respecting Plaintiff's bell peppers).  In light of all the allegations described above, the Court can plausibly infer that Produce Pay's alleged manipulation of assets between it and Vantaggio, and Vantaggio's subsequent insolvency, caused the assets at issue to be concentrated in Produce Pay and the debts left to Vantaggio.  *See Sundance Image Tech., Inc. v. Inkjetmall.com, Ltd.*, No. 02-cv-02258-B-AJB, 2005 WL 8173279, at *3 (S.D. Cal. Oct. 4, 2005) (listing as factors "the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another;" and . . . "the formation and use of a corporation to transfer to it the existing liability of another person or entity.").

The FAC's satisfaction of these factors through specific factual allegations—in addition to the general allegations that Produce Pay asserted control over Vantaggio's finances and used Vantaggio as an instrumentality or conduit to intercept the funds—plausibly allege the unity of interest and common ownership element required for Plaintiff's alter ego allegations.  Produce Pay does not specifically challenge[4] the second element required for alter ego allegations and as such, it will not be addressed.

As noted in the prior Dismissal Order, Plaintiff failed to allege facts sufficient to plausibly infer an alter ego type relationship.  As explained above, however, the FAC

---

[4]   The Court further notes that Produce Pay makes limited arguments regarding the alter ego allegations in its Motion to Dismiss.  Any new arguments made in Produce Pay's Reply that are unresponsive to Plaintiff's Opposition, are deemed waived.  The Court also notes Produce Pay lodged at least one argument in a footnote.  *See* Motion at 24–25 n.6. The Court will not consider new arguments made only in footnotes and the Reply.  *See also Khoja v. Orexigen Therapeutics*, Inc., 498 F. Supp. 3d 1296, 1309 (S.D. Cal. Nov. 2, 2020) (quoting *Cheever v. Huawei Device USA, Inc.*, No. 18-cv-06715-JST, 2019 WL 8883942, at *3 (N.D. Cal. Dec. 4, 2019)) (explaining that generally, parties waive "arguments raised only in footnotes, or only on reply . . . .").  Regardless, Plaintiff sufficiently pleads its alter ego allegations.

alleges additional facts that support these allegations.  Produce Pay points to the verified Delaware Complaint, alleging it shows that Produce Pay purchased bell peppers that were placed with Vantaggio.  Motion at 13.  As such, Produce Pay disputes Plaintiff's allegation that it was the only entity providing bell peppers to Vantaggio.  *Id.*  Although the Court took judicial notice of the Delaware Complaint, the Court did not judicially notice "any of the factual allegations contained in the complaint."  ECF No. 18 at 4 n.4.  The allegations and attachments set forth in the FAC therefore, create factual disputes between the parties regarding Produce's Pay's relationship and dealings with Vantaggio.  These factual disputes are inappropriate for resolution on a motion to dismiss.  And while the Delaware Complaint "plausibly shows that Produce Pay neither controls nor has any relationship with Vantaggio," Plaintiff's instant FAC plausibly shows otherwise.  *See* ECF No. 18 at 35; *see generally* FAC.  The Complaints at issue set forth conflicting factual allegations, but the Court cannot disregard the FAC here and accept as true all factual allegations lodged by Produce Pay in the Delaware Complaint.  Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's allegations of alter ego set forth in the FAC.

### E.  <u>Goods and Money Had and Received</u>

"The count for money had and received states in substance that the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff."  *Scheibe v. Freeman*, No. 10-cv-01496-H-WMC, 2010 WL 11684791, at *4 (S.D. Cal. Sept. 27, 2010) (internal quotation marks and citations omitted).  "The essential elements of an action for money and/or goods had and received are '(1) a statement of indebtedness of a certain sum, (2) the consideration made by the plaintiff, and (3) nonpayment of the debt.'" *Id.* (quoting *First Interstate Bank v. State of Cal.*, 197 Cal. App. 3d 627, 635 (1987)).  Plaintiff's claim for goods had and received was previously dismissed *without prejudice* in this Court's Dismissal Order.  ECF No. 18 at 19; *see also* Compl. at 6.  In the FAC, Plaintiff re-alleges the claim against both Produce Pay and Vantaggio, clarifying that the claim is for goods *and* money had and received against both Defendants.  FAC at 9.

Produce Pay argues that Plaintiff's FAC fails to allege any additional facts to cure the defects in its original Complaint.  Motion at 16.  Produce Pay argues Plaintiff merely reasserts the previously dismissed allegations "of receipt, acceptance, resale, collection, and remittance" by Vantaggio.  *Id.* at 16.   Produce Pay further contends Plaintiff's contradictory argument that the goods were "delivered to and accepted by Defendants," does not save the claim, as established in this Court's prior Dismissal Order.  *Id.* at 17. Produce Pay argues that because it never received goods or money from Plaintiff and no contract or agreement ever existed between Plaintiff and Produce Pay, a money had and received claim cannot be sustained.  *Id.* at 17–18.  Produce Pay points to Exhibit 1 attached to the FAC and notes they are unverified records involving "payments to Vantaggio in Los Angeles for invoices related to bell pepper."  *Id.* at 18.  Produce Pay argues "the Delaware Complaint already established that Produce Pay also provided Vantaggio with bell pepper[s]," because those peppers originated from Mexico and the FAC fails to allege the peppers originated from Mexico.  *Id.*

Plaintiff counters that it sufficiently pleads a claim for money had and received, because the FAC alleges that "Produce Pay received *the money* belonging to [Plaintiff]." Oppo. at 18.  Plaintiff contends that Produce Pay argues, with no factual support, that it did not receive money for Plaintiff's produce.  *Id.*  Plaintiff asserts a claim for money had and received "does not require that the money be given to Produce Pay *by* Plaintiff, only that Produce Pay be in possession of money which, by rights, belongs to Plaintiff."  *Id.*  Plaintiff says it sufficiently pleads that Produce Pay intercepted the money for a money had and received claim by alleging that "[s]aid money did not belong to Produce Pay and was not for [Produce Pay's] benefit . . . . and refused to remit the proceeds of sale of Plaintiff's produce which belong to Plaintiff and in which Produce Pay has no right or interest."  *Id.* Produce Pay replies that the money had and received claim should still be dismissed, because there is "no colorable allegation that Produce Pay received anything from Plaintiff, and sums owed to Produce Pay by Vantaggio are not proper grounds."  Reply at 8.

In its original Complaint, Plaintiff alleged that Defendants received, accepted, and

-13-

sold Plaintiff's goods (*i.e.*, the bell peppers) and refused to remit the proceeds to Plaintiff. Compl. at 6, ¶ 35.  However, the FAC alleges that only Vantaggio accepted and resold Plaintiff's goods.  FAC at 4–5, ¶¶ 11–17; 9, ¶ 41.  The FAC further pleads that both "Produce Pay and Vantaggio caused the proceeds from the sale of Plaintiff's produce, which were at all times property of Plaintiff, to be delivered to Produce Pay in Los Angeles, rather than Vantaggio, for remittance to Plaintiff and then deposited into a bank account controlled by and in Defendant Produce Pay's name." *Id.* at 4, ¶ 16; 9, ¶ 41. Finally, Plaintiff alleges that "Vantaggio personnel have . . . confirmed that [said] funds were delivered to Produce Pay upon its demand, and were retained by Produce Pay, despite request to release the funds for payment to Plaintiff (because Produce Pay had no right to retain Plaintiff's funds.)" *Id.* at 5, ¶ 18.  The Court finds these allegations—coupled with the alter ego allegations that Produce Pay controlled and directed Plaintiff's profits from Vantaggio to itself—sufficient to state a claim for money had and received.

The conclusory and contradictory allegations in the original Complaint that "Defendants transferred the produce or proceeds from of sale to Produce Pay," are cured in the FAC because there, the allegations assert that Produce Pay interjected itself in Vantaggio's finances to divert and retain funds belonging to Plaintiff to Produce Pay's bank account. *Id.* at 4, ¶ 16; 9, ¶ 41.  To the extent Plaintiff alleges a goods had and received claim, that claim is dismissed *with prejudice* as to Produce Pay, because there are no allegations that Produce Pay received the bell peppers (*i.e.*, the goods) at issue.  However, a money had and received claim and a goods had and received claim are different causes of action.  *Compare* CACI 371 *with* CACI 370.  The fact that Plaintiff pleads itself out of a goods had and received claim against Produce Pay, based on the implausibility that Produce Pay received Plaintiff's *goods*, does not make it implausible that Produce Pay received Plaintiff's *money.  Id.*

"A cause of action for money had and received is stated if it is alleged [that] the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th

1439, 1454 (2013) (internal quotation marks and citations omitted).  Plaintiff's money had and received claim does not require that the money at issue be given to Produce Pay by Plaintiff directly.  *Mains v. City Title Ins. Co.*, 34 Cal.2d 580, 586 (1949) ("[A money had and received claim] may be brought '… wherever one person has received money which belongs to another, and which "in equity and good conscience," or in other words, in justice and right, should be returned.");  *Gutierrez v. Girardi*, 194 Cal. App. 4th 925, 937 (2011) (quoting *Weiss v. Marcus*, 51 Cal.App.3d 590, 599 (1975)) (explaining that a money had and received claim "lies wherever one person has received money which belongs to another, and which in equity and good conscience should be paid over to the latter.");  *Utility Audit Co., Inc. v. City of Los Angeles*, 112 Cal. App. 4th 950, 958 (2003) ("A claim for money had and received can be based upon money paid by mistake, money paid pursuant to a void contract, or a performance by one party of an express contract.").

Read in the light most favorable to Plaintiff, Produce Pay allegedly retained Plaintiff's money through control of Vantaggio, by diverting checks that were seemingly made out to Vantaggio but addressed to a Produce Pay location, and those checks were subsequently deposited into Produce Pay's bank account.  FAC 4–5, ¶¶ 16–18.  Plaintiff pleads additional supporting facts that Vantaggio's employees confirmed Produce Pay's receipt of Plaintiff's funds and did not release the funds to Plaintiff upon request.  *Id.* at 5, ¶ 18.  These facts are sufficient to state a claim for money had and received against Produce Pay, because the allegations plausibly indicate that: (1) Plaintiff provided bell peppers to Vantaggio; (2) Plaintiff did not receive the proceeds it was entitled to (totaling at least $295,864.67); and (3) Produce Pay obtained possession of the subject proceeds, which belong to Plaintiff.  In addition, Produce Pay's contentions regarding the Delaware Complaint—that both Produce Pay and Plaintiff sold bell peppers to Vantaggio—and that the FAC's attached Exhibits are "unverified," would require the Court to evaluate and weigh evidence to resolve a material factual dispute—that would be improper at this stage in the proceedings.  *Cf. Colby v. Newman*, No. CV 11-07413-JGB-RZx, 2013 WL 12124390, at *28 (C.D. Cal. June 11, 2013) (denying a motion for summary judgment

-15-

based on conflicting factual contentions and evidence regarding a money had and received claim).   Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's money had and received claim.

### F.   <u>Civil Theft</u>

"A claim for civil theft in California ultimately rests on whether a plaintiff establishes that a defendant committed theft as defined by California Penal Code section 484." *GEC US 1 LLC v. Frontier Renewables*, LLC, No. 3:16-cv-01276-YGR, 2016 WL 4677585, at *9 (N.D. Cal. Sept. 7, 2016) (citing *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1049 (2013)).   A person is guilty of theft where he or she, *inter alia*, (1) feloniously steals, takes, carries, or drives "away the personal property of another;" (2) "fraudulently appropriate[s] property which has been entrusted to him or her," or (3) "knowingly and designedly, by any false or fraudulent representation or pretense, defraud[s] any other person of money . . . or personal property." CAL. PENAL CODE § 484.   "To establish theft under Section 484, a defendant must have the specific 'felonious' intent to deprive the owner of his or her property."   *GEC*, No. 3:16-cv-01276-YGR, 2016 WL 4677585, at *9 (dismissing the plaintiffs' civil theft claim without prejudice because "[a]bsent adequate allegations of the requisite specific intent, the FAC [did] not state a plausible claim for civil theft") (citing *People v. Avery*, 27 Cal.4th 49, 58 (2002)).   "The requisite intent is a specific intent to steal and cannot be established if a defendant has a 'good faith claim of right' to possession." *Id.* (citing *People v. Davis*, 19 Cal. 4th 301, 305 (1998)).   Plaintiff's claim for civil theft was previously dismissed *without prejudice* in this Court's Dismissal Order. ECF No. 18 at 22; *see also* Compl. at 7.   In the FAC, Plaintiff re-alleges the claim against both Defendants.   FAC at 10.

Produce Pay argues that Plaintiff's claim for Civil Theft against it does not state a claim because the FAC: (1) fails "to allege that Produce Pay 'feloniously' stole, took, carried, or drove 'away the person property'" of Plaintiff; and (2) fails to plead "that Produce Pay possessed the requisite intent to steal." Motion at 22–23.   Produce Pay argues the documents attached to the FAC and purported to be invoices are unverified, and that

the allegations cannot state a claim for legal theft, because Plaintiff's contention that only it delivered bell peppers to Vantaggio is false. *Id.* at 22. Produce Pay further contends that Plaintiff cannot establish Produce Pay's receipt of bell peppers, because the peppers were delivered to Vantaggio. *Id.* at 22–23. Produce Pay argues that because it "also provided Vantaggio with bell pepper[s], Plaintiff's allegations regarding Produce Pay's dealings in bell pepper[s] cannot establish a plausible claim that Produce Pay possessed the requisite intent to steal." *Id.* at 23. Produce Pay further explains that it "had every right to conduct business with Vantaggio involving bell pepper[s] and Plaintiff is wholly unable to articulate why or how those dealings involve Plaintiff or injured Plaintiff." *Id.*

Plaintiff counters that the FAC sufficiently pleads a claim for civil theft, citing various allegations in the FAC. Oppo. at 19–20. Plaintiff also argues that the Produce Pay relies on improper extrinsic fact in its Motion to Dismiss, and that even if the Court were to consider the evidence, Produce Pay's argument would fail. *Id.* at 19. Plaintiff explains that the evidence attached to Produce Pay's Motion shows that it delivered green bell peppers (not red, yellow, or orange as delivered by Plaintiff) during August 2020 and not in late 2019 and the first quarter of 2020 (the relevant time period in this case). *Id.* The Court will not resolve this factual dispute.

The Court previously dismissed the claim for civil theft because the original Complaint failed to state sufficient facts to plausibly show that: (1) Produce Pay obtained Plaintiff's property, and (2) Produce Pay possessed the requisite specific intent required for civil theft. ECF No. 18 at 22. The Court finds that Plaintiff's FAC substantiates its claim for civil theft. First, although Produce Pay argues that Plaintiff again fails "to provide facts which demonstrate that [Plaintiff] was the sole provider of bell pepper[s] to Vantaggio," the FAC clearly states that during the requisite time period, Plaintiff was the only provider of yellow, red, and orange bell peppers. FAC at 5, ¶ 18. In addition, the invoices attached to the FAC are for bell peppers, two of which are cited in email discussions involving Produce Pay and Vantaggio employees. *See id.*; Ex. 1 to FAC at 1, 3, 10, 12. It is plausible that if Plaintiff was the sole provider of bell peppers to Vantaggio

-17-

during the time in question, Produce Pay was aware the proceeds identified in the purported emails/invoices involved bell peppers and therefore, did not belong to Produce Pay. The FAC also alleges that the checks for Plaintiff's produce were made out to Vantaggio but delivered to a Produce Pay office in Los Angeles and deposited into a bank account controlled by and in Produce Pay's name. FAC at 4, ¶ 16. This indicates the funds were allegedly obtained in a felonious manner through representations that Vantaggio received them, when in reality, Produce Pay received them. This inference is further supported by Plaintiff's allegation that "Vantaggio personnel . . . confirmed . . . the[] funds were delivered to Produce Pay upon its demand, and were retained by Produce Pay, despite request to release the funds for payment to Plaintiff (because Produce Pay had no right to retain Plaintiff's funds)." *Id.* at 5, ¶ 18.

Produce Pay's arguments disregard the fact that in resolving its Motion to Dismiss, this Court must liberally construe and accept as true the allegations set forth in Plaintiff's FAC. *See Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-cv-00191-AJB-KSC, 2021 WL 5042116, at *2 (S.D. Cal. Oct. 29, 2021) (assuming the truth of the allegations and the reasonable inferences drawn therefrom in denying a motion to dismiss an alter ego theory of liability). Produce Pay improperly relies on the contention that it also provided Vantaggio with bell peppers, which directly conflicts with allegations in the FAC. As discussed *supra*, at this stage in the proceedings, the Court will not engage in resolving factual disputes as to whether and/or when Produce Pay provided bell peppers (including of what type) to Vantaggio. Accordingly, the Court rejects Produce Pay's arguments and **DENIES** its Motion to Dismiss Plaintiff's claim for civil theft.

### G. <u>Timeliness of Arguments Not Raised in Prior Motion to Dismiss</u>

Generally, a defense asserted in a Rule 12(b)(6) motion to dismiss must be made before filing an answer. *See* Fed. R. Civ. P. 12(b)(6). *Pascal v. Concentra, Inc.*, No. 19-cv-02559-JCS, 2020 WL 4923974, at *2 (N.D. Cal. Aug. 21, 2020)). "[A]lthough an amended complaint ordinarily supercedes [sic] the original pleading, it does not automatically revive defenses and objections a defendant has waived in response to the

original complaint." *Brooks v. Caswell*, No. 3:14-cv-01232-AC, 2016 WL 866303, at *2 (D. Or. Mar. 2, 2016) (citations omitted). "[A] defendant may attack only new allegations or claims not contained in the original complaint." *Id.* (citations omitted). If an amended complaint merely substantiates claims previously alleged, "[a]llowing a post-answer motion to dismiss" the complaint "would render the Rule 12(b) restriction on post-answer motions meaningless." *Id.* at *3. Essentially, post-answer motions to dismiss can only be heard to the extent the arguments set forth were not previously available to the moving party. *See Pascal v. Concentra, Inc.*, No. 19-cv-02559-JCS, 2020 WL 4923974, at *2 (N.D. Cal. Aug. 21, 2020) (explaining that the defendant's "challenges under Rule 12(b)(6) are not aimed at any new material in the SAC and therefore its objections have already been waived.").

The only Ninth Circuit case on the matter is an unpublished opinion, where the Court affirmed a district court's decision to consider a post-answer motion but provided no discussion or analysis on the matter. *Adesanya v. I.N.S.*, 996 F.2d 1223 (9th Cir. 1993). Lower courts have found this opinion unpersuasive. *See Brooks*, No. 3:14-cv-01232-AC, 2016 WL 866303, at *3 (citing *Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, No. C 03-3721-VRW, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005)). Even so, certain district courts have entertained post-answer motions to dismiss amended complaints for the purpose of judicial economy or based on distinguishing factors. *See Fed. Agr. Mortg. Corp. v. It's A Jungle Out There, Inc.*, No. C 03-3721 VRW, 2005 WL 3325051, at *5 (N.D. Cal. Dec. 7, 2005); *Parra, Tr. of Laura E. Parra Revocable Tr. Dated Sept. 9, 1994 v. Parra*, No. 20-cv-00839-DMS-JLB, 2021 WL 2038323, at *3 (S.D. Cal. May 20, 2021). Here, however, entertaining Produce Pay's motion to dismiss claims asserted in the original complaint weighs against judicial economy, because Produce Pay waived those arguments previously available to it. If the Court were to dismiss these claims based on previously waived arguments, it would likely do so *without prejudice*, leaving the potential for a second amended complaint and a subsequent motion to dismiss.

Produce Pay cites *Parra* to argue that its Motion, arguing to dismiss previously

-19-

answered claims, should be considered based on Plaintiff's new factual allegations.  Reply at 4 (citing *Parra*, No. 20-cv-00839-DMS-JLB, 2021 WL 2038323, at *2).   In *Parra*, the court heard an untimely motion to dismiss and converted it into a motion for judgment on the pleadings in a land inheritance dispute, because a material fact changed while litigation was pending.  *Parra*, No. 20-cv-00839-DMS-JLB, 2021 WL 2038323, at *3.  That is not the case here, where Plaintiff substantiated its existing claims with certain factual allegations.  Although Produce Pay argues the Court may convert the instant Motion to Dismiss into a motion for judgment on the pleadings, *see* Reply at 4, that would be inappropriate given the factual disputes at issue.

The Court follows the general rule that only new allegations—and arguments previously unavailable—can be considered in resolving the remainder of Produce Pay's Motion to Dismiss.  *See Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("[W]e agree, that an amendment to the pleadings permits the responding pleader to assert only such of those defenses which may be presented in a motion under Rule 12 as were not available at the time of his response to the initial pleading.  An unasserted defense available at the time of response to an initial pleading may not be asserted when the initial pleading is amended.").  Although the FAC largely substantiates the claims asserted in the original complaint, to the extent Produce Pay bases its arguments on new factual allegations, the Court will consider only those arguments.   The Court otherwise rejects arguments previously available to Produce Pay as waived and untimely.

i.   PACA Violation

Plaintiff's PACA claim was originally filed against both Produce Pay and Vantaggio.  Compl. at 5.  Produce Pay did not challenge the PACA claim in its original Motion to Dismiss, and the FAC re-alleges the PACA claim against both Defendants.  FAC at 6.  Produce Pay argues that Plaintiff's PACA claim fails, because the Court already held there was no contract between Produce Pay and Plaintiff, and PACA requires some form of contract or agreement.  The Court will not address this argument, because Produce Pay cites to a portion of the FAC that was also included in the original Complaint.  Motion at

10 (citing FAC at 7, ¶ 29); *see also* Compl. at 5, ¶ 26.  This defense was available to Produce Pay when it filed its original motion to dismiss, evidenced by Produce Pay's challenge to Plaintiff's breach of contract claim and argument that no contract existed between Produce Pay and Plaintiff.

Produce Pay also argues that Plaintiff included allegations of agency/principal, employer/employee, master/servant, and join venture relationship, which this Court already dismissed *with prejudice*.  Motion at 11, 14.  However, Produce Pay ignores the fact that the Court did not dismiss w*ith prejudice* allegations of alter ego, which the Court now finds are stated with sufficiency in Plaintiff's FAC.  *See supra* at Part IV.D.

Finally, Produce Pay argues that Plaintiff's mischaracterization that Vantaggio received bell peppers from only Plaintiff is false.  Motion at 12–14.  Produce Pay contends that the Court already took judicial notice of the Delaware Complaint, which shows (among other things) that Vantaggio dealt with bell peppers in relation to Produce Pay as well.  *Id.* at 13.  As discussed *supra*, the Court finds this allegation creates a factual dispute between the parties inappropriate for resolution on a motion to dismiss.  Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's PACA claim.

ii.   <u>Conversion</u>

Plaintiff's conversion claim was originally filed against both Produce Pay and Vantaggio.  Compl. at 7.  Produce Pay did not challenge the conversion claim in its original Motion to Dismiss and the FAC re-alleges the claim against both Defendants.  FAC at 10.  Produce Pay now argues that the FAC fails to allege Plaintiff is an intended beneficiary for purposes of PACA's trust provisions.  Motion at 20.  This argument was available to Produce Pay when Plaintiff filed its original Complaint, which alleged "Plaintiff is an intended beneficiary under PACA."  Compl. at 6, ¶ 28.  The Court, therefore, rejects this argument as waived and untimely.

Produce Pay also reiterates its argument that it too provided Vantaggio with bell peppers, making false Plaintiff's claim that the proceeds from the bell peppers in question belonged to Plaintiff.  As stated *supra*, the Court will not resolve the factual dispute

-21-

regarding whether and/or when Produce Pay provided bell peppers to Vantaggio. Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's conversion claim.

### iii.       Uniform Fraudulent Transfer Act

Plaintiff's claim under the Uniform Fraudulent Transfer Act was originally filed against both Produce Pay and Vantaggio. Compl. at 9. Produce Pay did not challenge the claim in its original Motion to Dismiss, and the FAC re-alleges the claim against both Defendants. FAC at 13. Produce Pay again argues that Plaintiff was not the only one to provide Vantaggio with bell peppers. Motion at 24. Produce Pay further argues that "no special relationship exists between Produce Pay and Vantaggio." *Id.* As stated *supra*, the Court: (1) holds that Plaintiff sufficiently states allegations of an alter ego relationship between Produce Pay and Vantaggio; and (2) will not resolve factual disputes involving whether and/or when Produce Pay provided Vantaggio with bell peppers. Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's claim under the Uniform Fraudulent Transfer Act.

### iv.       Produce Dealer Act

Plaintiff's claim under the Produce Dealer Act was originally filed against both Produce Pay and Vantaggio. Compl. at 11. Produce Pay did not challenge the claim in its original Motion to Dismiss, and the FAC re-alleges the claim against both Defendants. FAC at 15. Produce Pay argues that "allegations regarding any failure by Produce Pay to account to Plaintiff cannot form the basis for Plaintiff's" claim, because there are no "facts sufficient to show that Produce Pay undertook unfair or unlawful business practices." Motion at 25–26. Produce Pay points to the Delaware Complaint and argues it "identifies Produce Pay as an unpaid creditor of Vantaggio, a supplier of bell peppers and other Produce to Vantaggio, and a party to a written contract with Vantaggio providing Produce Pay the right to receive payment from Vantaggio in connection with the parties Produce dealings." *Id.* at 26. Produce Pay contends the business relationship between it and Vantaggio "cannot possibly be injurious to Plaintiff." *Id.*

-22-

The Court declines Produce Pay's argument. First, the argument respecting accounting and the Delaware Complaint was available when Plaintiff filed its original Complaint and is therefore waived and untimely. Second, for the reasons described *supra*, the Court will not address any factual disputes between the instant FAC and the Delaware Complaint. To resolve the issue, the Court would need to evaluate whether and when any bell peppers were delivered by Produce Pay to Vantaggio because here, the FAC alleges that during the time in question, Plaintiff was the only supplier of bell peppers to Vantaggio. Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's claim under the Produce Dealer Act.

v.    Unjust Enrichment and Constructive Trust

Plaintiff's claim for Unjust Enrichment/Constructive Trust was originally filed against both Produce Pay and Vantaggio. Compl. at 12. Produce Pay did not challenge the claim in its original Motion to Dismiss, and the FAC re-alleges the claim against both Defendants. FAC at 16. Produce Pay once again argues that it too provided Vantaggio with bell peppers, making Plaintiff's allegations "demonstrably wrong." Motion at 27. Produce Pay further argues that the FAC fails to allege "that Produce Pay took anything from Plaintiff or received any property belonging to Plaintiff." *Id.* As established *supra*, the Court has determined that: (1) it will not resolve factual disputes regarding whether and when Produce Pay delivered bell peppers to Vantaggio; and (2) Plaintiff plausibly alleges that Produce Pay wrongfully obtained the bell pepper funds belonging to Plaintiff. Accordingly, the Court **DENIES** Produce Pay's Motion to Dismiss Plaintiff's claim for unjust enrichment and constructive trust.

## V.    **CONCLUSION**

For the reasons set forth above, the Court **ORDERS** the following:

1.    Plaintiff's claims for breach of contract, open book account, and breach of fiduciary duty were re-alleged as to Vantaggio only and are disregarded for purposes of Produce Pay's Motion to Dismiss.

2.    Plaintiff's re-alleged allegations of an agency/principal, master/servant, and

-23-

employer/employee relationship between Produce Pay and Vantaggio were previously **DISMISSED** *with prejudice* and remain **DISMISSED** *with prejudice*.

3.   Plaintiff's UCL claim under the unlawful and unfair prongs is **DISMISSED** *without prejudice* as to Produce Pay.  Any claim under the fraud prong of the UCL remains **DISMISSED** *with prejudice*.

4.   The Motion to Dismiss Plaintiff's allegations of an alter ego relationship between Produce Pay and Vantaggio is **DENIED**.

5.   The Motion to Dismiss Plaintiff's money had and received claim is **DENIED**. To the extent Plaintiff alleges a *goods* had and received claim against Produce Pay, that claim is **DISMISSED** *with prejudice*.

6.   The Motion to Dismiss Plaintiff's claim for civil theft is **DENIED**.

7.   The Motion to Dismiss Plaintiff's PACA claim is **DENIED**.

8.   The Motion to Dismiss Plaintiff's conversion claim is **DENIED**.

9.   The Motion to Dismiss Plaintiff's Produce Dealer Act claim is **DENIED**.

10.   The Motion to Dismiss Plaintiff's unjust enrichment and constructive trust claim is **DENIED**.

**IT IS SO ORDERED.**

DATED:    September 7, 2022

_____
**HON. ROGER T. BENITEZ**
United States District Judge